IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY KELLY<br>    Plaintiff,<br> v.<br><br>STATE OF MARYLAND<br>SHEILA DAVENPORT<br>    Defendants. | *<br><br>* CIVIL ACTION NO. AW-07-3016<br><br>*<br><br>*<br>***** |

## MEMORANDUM

This civil rights action seeks monetary damages and criminal charges against Defendants. Paper No. 1. Plaintiff, who is committed to the Clifton T. Perkins State Hospital Center ("Perkins"),[1] claims that on July 30, 2006, he informed his rights advisor that the use of a 4" inch writing pen was causing him to suffer pain and stiffness in both hands. *Id*. He alleges that the advisor indicated that he would talk to Defendant Davenport to try to get standard 8' inch writing pens for patients to use. *Id*.

While Plaintiff's Motion to Proceed In Forma Pauperis shall be granted, this 42 U.S.C. § 1983 action shall be summarily dismissed. First, the State a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, the Eleventh Amendment bars suit for monetary damages in federal court by a private individual against an unconsenting state or its agencies, absent waiver or congressional abrogation of sovereign immunity pursuant to section five of the Fourteenth Amendment. *See Seminole Tribe v. Florida*, 517 U.S. 44, 56-58 (1996); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Therefore, Plaintiff's Complaint against the State of Maryland is subject to dismissal.

---

[1] The criminal court dockets for the Circuit Court for Montgomery County reveals that in May of 2003, Plaintiff was charged murder, first and second degree burglary, robbery, use of a handgun in a crime of violence, and theft, *see State v. Kelly,* Criminal No. 94449C (Cir. Ct. for Montgomery County), and first-degree rape and robbery. *See State v. Kelly,* Criminal No. 97760C (Cir. Ct. for Montgomery County). In both cases a competency hearing was held over the course of February, March, and April of 2004. In June of 2004, Circuit Court Judge Durke Thompson found Plaintiff incompetent to stand trial.

Further, Plaintiff's claims against Defendant Davenport fail at present to articulate a Fourteenth Amendment medical and access-to-courts claim. Plaintiff seemingly claims that patients at Perkins should be provided with standard 8" pens, not the shorter 4" writing instruments provided. Plaintiff alleges no serious injury.[2] Further, there is no allegation that the use of the 4" pen has denied Plaintiff "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts."[3] *See Bounds v. Smith*, 430 U.S. 817, 825 (1977).[4]

For the aforementioned reasons, Plaintiff's § 1983 complaint shall be dismissed without prejudice. A separate Order shall be entered in compliance with the opinion set out above.

Date:  November 16, 2007

                                        /s/
                                        Alexander Williams, Jr.
                                        United States District Judge

---

[2] Plaintiff's own attachments appear to indicate that he was recently examined for complaints of hand pain and the examination did not reveal any acute pain or abnormalities with range of motion. Paper No. 1 at Attachments. He was provided treatment with Ibuprofen.

[3] In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified the *Bounds* decision by finding that a deprivation of an inmate's right of access to the courts is actionable, but only where the inmate is able to demonstrate actual injury from such deprivation. *Id*. at 349. The actual injury requirement, however, is not satisfied by just any type of frustrated legal claim. *Id*. at 353. Rather, the *Lewis* Court concluded that *Bounds v. Smith* stood for the proposition that inmates are not guaranteed the ability to litigate every imaginable claim they can perceive, but that they be provided the tools necessary "in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

[4] The undersigned observes that since July of 2007, Plaintiff has filed 10 civil cases in this court. All have been summarily dismissed.